IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WEIRTON AREA WATER BOARD**
and **CITY OF WEIRTON**,

        Plaintiffs,

v.                                                                    **CIVIL ACTION NO. 5:20-CV-102**
                                                                                   Judge Bailey

**3M COMPANY, E. I. DUPONT DE NEMOURS
AND COMPANY, THE CHEMOURS COMPANY,
THE CHEMOURS COMPANY FC, LLC, CORTEVA,
INC., DUPONT DE NEMOURS INC., AGC
CHEMICALS AMERICAS INC., ARCHROMA U.S.,
INC., ARKEMA, INC., BASF CORPORATION,
CHEMDESIGN PRODUCTS, INC., CHEMGUARD
INC., CHEMICALS, INC., CLARIANT CORPORATION,
DAIKIN AMERICA, INC., DEEPWATER CHEMICALS
INC., DYNAX CORPORATION, DYNEON, LLC,
SOLVAY SPECIALTY POLYMERS USA, LLC.,
SOLVAY USA, INC., THE ELE CORPORATION,
ARCELORMITTAL WEIRTON LLC**, and **NEO
INDUSTRIES (WEIRTON), INC.**,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court is Defendant Neo Industries (Weirton), Inc.'s Motion to Dismiss [Doc. 155], filed July 31, 2020. Therein, defendant Neo Industries (Weirton), Inc. moves to dismiss the Complaint with prejudice for failure to state a claim. Plaintiffs filed a Response on October 2, 2020. *See* [Docs. 198–199]. On November 6, 2020, a Reply [Doc. 219] was filed. Having been fully briefed, the instant Motion is now ripe for decision. For the reasons that follow, the motion will be denied.

1

## I. BACKGROUND

The plaintiffs originally filed this action in the Circuit Court of Brooke County, West Virginia, on April 15, 2020. [Doc. 1-1]. In the Complaint, plaintiffs allege that the Weirton Water System has been contaminated with per- and poly-fluoroalkyl substances ("PFAS"), including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA"). [Id. at 7]. Plaintiffs allege that 3M Company, E.I. Dupont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., Dupont de Nemours, Inc., AGC Chemicals Americas Inc., Archroma U.S., Inc., Arkema, Inc., BASF Corporation, Chemdesign Products Inc., Chemguard Inc., Chemicals, Inc., Clariant Corporation, Daikin America, Inc., Deepwater Chemicals, Inc., Dynax Corporation, Dyneon, LLC, Solvay Specialty Polymers, USA, LLC., Solvay USA, Inc., and the Ele Corporation (collectively the "Manufacturing Defendants") "designed, developed, manufactured, marketed, and sold PFAS throughout the United States, including West Virginia." [Id. at 8]. Furthermore, plaintiffs assert defendants Arcelormittal Weirton LLC and Neo Industries (Weirton), Inc. (collectively the "Facility Defendants") "used, stored, distributed and/or discharged PFAS and/or products containing PFAS in their operations and caused the release of these chemicals into the surrounding soil, surface water and groundwater in and around their facilities." [Id.].

In their Complaint, plaintiffs allege that the defendants "knew or should have known that their operations would cause PFAS and/or products containing PFAS to be discharged into the environment and inevitably contaminate surface water and groundwater drinking supplies. . . ." [Id. at 9]. Plaintiffs allege numerous causes of action against the

defendants, including product liability for defective design against the Manufacturing Defendants (count 1), product liability for failure to warn against the Manufacturing Defendants (count 2), public nuisance against all defendants (count 3), negligence against all defendants (count 4), negligence per se against all defendants (count 5), trespass against all defendants (count 6), and fraudulent transfers against the DuPont defendants (count 7). As a result of the unlawful conduct, plaintiffs seek compensatory damages, punitive damages, and other damages.

On May 26, 2020, defendant Neo Industries (Weirton), Inc. filed a Notice of Removal [Doc. 1] arguing that this Court has jurisdiction over the litigation based on diversity of citizenship. On June 24, 2020, plaintiffs filed a Motion to Remand [Doc. 113] that this Court denied [Doc. 169] on August 10, 2020. On July 31, 2020, seventeen (17) Motions to Dismiss were filed by numerous defendants. On October 2, 2020, plaintiffs filed a response. *See* [Docs. 198–199]. On November 6, 2020, Neo Industries (Weirton), Inc. filed a Reply. [Doc. 219]. For the following reasons, Defendant Neo Industries (Weirton), Inc.'s Motion to Dismiss is hereby denied.

## II. STANDARD OF REVIEW

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also **Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the ***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences

3

in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

### III. ANALYSIS

Neo Industries (Weirton), Inc. makes the following argument: the plaintiffs "cannot cure the fatal defects in their Complaint." *See* [Doc. 155 at 2]. Neo Industries (Weirton),

4

Inc. moves for dismissal of plaintiffs' claims, summarizing why they are entitled to dismissal as follows:

> 5. The Complaint violates Fed. R. Civ. P. 8(a)(2) by failing to plausibly allege any facts linking Neo (Weirton) to the PFAS purportedly in the Weirton Water System.
>
> 6. Count three, Plaintiffs' public nuisance claim, should not proceed because it is untimely under W. Va. Code § 55-2-12(c).
>
> 7. Counts four and five, the two negligence claims, warrant dismissal because Neo (Weirton) does not owe Plaintiffs any relevant duty. Additionally, Count five should be dismissed because West Virginia law does not recognize "per se negligence" as a cause of action.
>
> 8. Count six, the trespass claim, should be dismissed because the alleged PFAS contamination is not a tangible property invasion and because Plaintiffs do not plausibly allege that they own or possess any real property.
>
> 9. Finally, none of the requested damages are available because (a) no applicable law, regulation, or other alleged obligation requires Plaintiffs to undertake the *voluntary* upgrades and other work claimed as compensable damages in order to address the low PFAS levels allegedly present in the Weirton Water System, and (b) Plaintiffs have no right to recover for injuries to Weirton-area residents or natural resources.

[Doc. 155 at 2–3].

5

Moreover, Neo Industries (Weirton), Inc. joins in the following grounds for dismissal in regard to Counts Three through Six advanced by the Manufacturing Defendants:

- The Complaint fails to allege a causal connection between Defendants' actions and Plaintiffs' alleged injuries. (MD Memo, "Argument I").
- The Complaint makes impermissible "shotgun" pleadings. (Id.).
- The alleged "duty to adequately and timely warn" is not recognized by West Virginia law. (Id., "Argument IV").
- West Virginia law does not recognize "Negligence Per Se" as a cause of action. (Id., "Argument V").
- West Virginia does not recognize trespass actions based on "intangible intrusions." (Id., "Argument VII").
- Plaintiffs Have No Right to Recover for Alleged Harm to Natural Resources or Weirton Area Residents. (Id., "Argument VIII").

[Doc. 156 at 3].

### I.  Arguments as to All Counts

#### A.  Failure to Plausibly Allege Causation

First, this Court finds that the Complaint sufficiently alleges that Neo Industries (Weirton), Inc.'s plant discharged PFAS. The Complaint alleges that plaintiffs discovered the Weirton Water System had been contaminated by PFAS, specifically identifying perflurooctane sulfonate and perfluorooctanoic acid. See [Doc. 1-1 at ¶ 7]. Plaintiffs go on to allege that the Facility Defendants, which include AM Weirton, caused the release

6

of PFAS into the soil, surface water, and groundwater surrounding their facilities. [Id. at ¶ 12]. Neo Industries (Weirton), Inc. argues that plaintiffs Complaint "fails to outline a causal connection between (1) the alleged "use[]" of PFAS at Neo (Weirton)'s facility, (2) Neo (Weirton)'s alleged tortious acts involving PFAS, and (3) the alleged contamination of the Weirton Water System." [Doc. 156 at 6]. However, at the motion to dismiss stage, "detailed factual allegations" are not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint contains factual allegations sufficient to establish, if true, that plaintiffs are entitled to relief. Therefore, this Court finds that plaintiffs have sufficiently pleaded causation at this stage.

### B.     Shotgun Pleading

Neo Industries (Weirton), Inc. cites to *McLin v. VA Dep't of Corrections*, 2020 WL 448260 (W.D. Va. Jan. 28, 2020) for the proposition that "[g]roup pleadings are not permissible." *McLin*, 2020 WL 448260, at *2. However, this Court finds that the Complaint makes sufficient allegations for claims against Neo Industries (Weirton), Inc. Neo Industries (Weirton), Inc. argues that "[g]rouping the [a]ccusations [a]gainst Neo (Weirton) in with [a]llegations [a]gainst 22 [o]ther [c]ompanies is an [i]mpermissible "[s]hotgun" [p]leading." See [Doc. 156 at 9–10]. However, this Court finds that the specific allegations against Neo Industries (Weirton), Inc. go beyond mere recitation of the elements. *See* [Doc. 1-1 at ¶¶ 86–90].

## II.     Arguments as to Individual Counts

### A.     Public Nuisance

In West Virginia, "nuisance is a flexible area of the law that is adaptable to a wide variety of factual situations." *Sharon Steel Corp. v. City of Fairmont*, 175 W.Va. 479, 334 S.E.2d 616, 621 (1985). A public nuisance interferes with a *public* right or inconveniences an indefinite number of people. *See Hendricks v. Stalnaker*, 181 W.Va. 31, 380 S.E.2d 198, 200–01 (1989); *Hark v. Mountain Fork Lumber Co.*, 127 W.Va. 586, 34 S.E.2d 348, 354 (1945). An examination of the "reasonableness or unreasonableness of the use of property in relation to the particular locality" is a fair test to determine the existence of a public nuisance. *See Hendricks*, 181 W.Va. at 34; Syl. Pt. 5, *Sharon Steel Corp.*, 175 W.Va. 479; Syl. Pt. 3, *Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981). A plaintiff only has standing to pursue a public nuisance claim if he or she has suffered a special injury different in kind from the public in general. *Hark*, 34 S.E.2d at 354. "A suit to abate a public nuisance cannot be maintained by an individual in his private capacity, as it is the duty of the proper public officials to vindicate the rights of the public." *Id*.

"The right to be free of contamination to the municipal water supply is clearly a 'right common to the general public', thus interference with that right would be a public nuisance." *Anderson v. W.R. Grace & Co.*, 628 F.Supp. 1219, 1233 (D.Mass. 1986). *See also Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 487 N.W.2d 715, 721 n.11 (1992) (noting that "the contamination of ground water may give rise to an action for public nuisance"). Therefore, "when a release of pollutants directly affects only the municipal

8

water supply rather than a private water supply . . ., the pollutants affect only a right common to the general public and can give rise only to a public, rather than a private nuisance." *Rhodes*, 657 F.Supp.2d at 767–68 (citing *Anderson*, 628 F.Supp. at 1233; Restatement (Second) of Torts § 821B cmt. b (explaining that conduct interfering with the public health constitutes a public nuisance)).

As Chief Judge Goodwin in the Southern District of West Virginia explained:

> The conclusion in *Anderson* that the contamination of a municipal water supply is a public nuisance accords with West Virginia law. According to the Supreme Court of Appeals, a public nuisance "operates to hurt or inconvenience an indefinite number of persons." *Hark*, 34 S.E.2d at 354. In other words, a public nuisance "affects the general public." *Id*. The Supreme Court of Appeals has explained that this definition of a public nuisance is "consistent with the Restatement (Second) of Torts § 821B(1), which defines a public nuisance as 'an unreasonable interference with a right common to the general public.'" *Duff v. Morgantown Energy Assocs. (M.E.A.)*, 187 W.Va. 712, 421 S.E.2d 253, 257 n.6 (1992).

*Rhodes*, 567 F.Supp.2d at 768.

In this case, and relying on this Court's previous Order [Doc. 250],

> when a water company provides water to the general public, the right to clean water from that company is a right common to all customers. The interference alleged by the plaintiffs is the contamination by PFAS and/or products containing PFAS of the water supply provided to all of plaintiffs'

9

> customers. The plaintiffs' Complaint alleges that the defendants "designed, manufactured, formulated, marketed, promoted, distributed, sold, supplied, used and/or discharged PFAS and/or products containing PFAS" and also "conceal[ed] . . . the dangers to human health and the environment. . . ." [Doc. 1-1 at ¶¶ 182, 194]. The plaintiffs' Complaint also alleged that the defendants proximately caused the contamination of groundwater, including plaintiffs' drinking water supply. [Id. at ¶¶ 15–16, 183, 193).

[Doc. 250 at 16–17]. Accordingly, the alleged interference is an interference with a public right.

With respect to Neo Industries (Weirton), Inc.'s untimeliness argument, the Court finds that the Complaint contains enough specific allegations to state a plausible claim. Neo Industries (Weirton), Inc. claims that plaintiffs' "own allegations show that their 'public nuisance' claim is untimely." [Doc. 156 at 11]. As this Court has previously held in this case:

> The Complaint, however, alleges that PFAS were first detected in the Weirton Water System in June 2018, and in March 2019 at the water treatment plant. [Doc. 1-1 ¶¶ 102–103]. In West Virginia, "where a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Graham v. Beverage*, 211 W. Va. 466, 477, 566 S.E.2d 603, 614 (2002). Here, as in *Graham*, the Complaint makes clear that the thrust of plaintiffs' Complaint includes the alleged continuing wrongful conduct.

10

Thus, taking the facts in the light most favorable to the plaintiffs, Neo Industries (Weirton), Inc.'s motion to dismiss with respect to the plaintiffs' public nuisance claim is **DENIED**.

### B. Negligence

Plaintiffs contend they have sufficiently pled the key negligence elements of duty, breach, causation, and injury. Plaintiffs allege three duties that were owed:

> 198. Defendants owed Plaintiffs a cognizable duty to exercise reasonable care in designing formulating, manufacturing, distributing, selling, supplying, and/or marketing unreasonably dangerous chemicals such as PFAS and/or products containing PFAS.
>
> . . .
>
> 200. Defendants had a duty to adequately and timely warn federal, state, and local regulators and authorities, Plaintiffs, and the public, of the presence of and threats posed by releases of PFAS into the environment and, especially, its presence in water.
>
> 201. Defendants also had an affirmative duty to remove and remediate the PFAS contamination from surface water and groundwater, including in the Weirton Water System and Weirton Area watershed in the vicinity of the Weirton Water System.

[Compl. 1-1 ¶¶ 198, 200–201]. Plaintiffs further state that the defendants breached their duties by "negligently putting PFAS into the stream of commerce, including in and around the Weirton Area watershed, when they knew or should have known about the dangers PFAS posed to water." [Id. at ¶ 199]. Plaintiffs pled causation and injury by stating in the

11

Complaint that "Defendants' past and continuing breach of their duties is the direct, sole and proximate cause of substantial and continuing harm to Plaintiffs and the Weirton Water System and of Plaintiffs' damages."

Neo Industries (Weirton), Inc. argues that plaintiffs Complaint fails to "plausibly allege that Neo (Weirton) breached the first duty . . . because no factual allegation relating to Neo (Weirton) supports that duty." [Doc. 156 at 12]. In regard to the second and third duty, Neo Industries (Weirton), Inc. argues that neither duty is recognized under West Virginia law. [Id.]. Neo Industries (Weirton), Inc. asserts that "[e]ven if a warning duty and/or a remediation duty existed, the Complaint fails to plausibly allege either (1) that Neo (Weirton) owed a duty to warn Plaintiffs or (2) that Neo (Weirton) breached a duty to remediate." [Id.].

However, this Court finds that plaintiffs' Complaint alleges sufficient facts to state a claim for relief that is plausible on its face. Construing the facts in the light most favorable to the plaintiffs, this Court finds that plaintiffs have sufficiently pled the four necessary elements of negligence. Therefore, Neo Industries (Weirton), Inc.'s motion to dismiss with respect to the plaintiffs' negligence claim will be **DENIED**.

**C. Negligence Per Se**

In West Virginia, "the law in this state is now settled that the violation of a statute is *prima facie* negligence and not negligence *per se*." ***Spurlin v. Nardo***, 145 W.Va. 408, 415, 114 S.E.2d 913, 918 (1960). *See also **Moore v. Skyline Cab Co.***, 134 W.Va. 121, 59 S.E.2d 437; ***Morris v. City of Wheeling***, 140 W.Va. 78, 82 S.E.2d 536; ***Barniak v. Grossman***, 141 W.Va. 760, 93 S.E.2d 49. Violation of a statute can constitute *prima facie*

negligence "if an injury proximately flows from the non-compliance and the injury is of the sort the regulation was intended to prevent." *Miller v. Warren*, 182 W.Va. 560, 561, 390 S.E.2d 207, 208–09 (1990).

The relevant portions of the statutes in question are as follows:

### West Virginia Water Pollution Control Act ("WPCA"):

(b) It is unlawful for any person, unless the person holds a permit therefor from the department, which is in full force and effect, to:

(1) Allow sewage, industrial wastes or other wastes, or the effluent therefrom, produced by or emanating from any point source, to flow into the waters of this state. . .

W.Va. Code § 22-11-8(b)(1). "Person" means "any industrial user, public or private corporation, institution, association, firm or company organized or existing under the laws of this or any other state or country; State of West Virginia; governmental agency, including federal facilities; political subdivision; county commission; municipal corporation; industry; sanitary district; public service district; drainage district; soil conservation district; watershed improvement district; partnership; trust; estate; person or individual; group of persons or individuals acting individually or as a group; or any legal entity whatever." W.Va. Code § 22-11-3(14). Moreover, "other wastes" includes "all other materials and substances not sewage or industrial wastes which may cause or might reasonably be expected to cause or to contribute to the pollution of any of the waters of the state. . . ." Id. at § 22-11-3(12).

**West Virginia Groundwater Protection Act ("GWPA")**:

> (B) [I]t is the public policy of the State of West Virginia to maintain and protect the state's groundwater so as to support the present and future beneficial uses and further to maintain and protect groundwater at existing quality where the existing quality is better than that required to maintain and protect the present and future beneficial uses.

W.Va. Code § 22-12-2(b). Plaintiffs also cite to GWPA's accompanying regulations. See [Doc. 195 at 31]. Plaintiffs specifically cite to W.Va. C.S.R. § 47-57-4.1 (1994), which states:

> Except for any source of class or sources which has been granted a variance for the particular contaminant at issue, any person who owns or operates a source subject to the Act which has caused, in whole or in part, the concentration of any constituent to exceed any applicable groundwater quality standard subject to the Act, must cease further release of that contaminant and must make every reasonable effort to identify, remove or mitigate the source of such contamination and strive where practical to reduce the level of contamination over time to support drinking water use of such groundwater.

W.Va. C.S.R. § 47-57-4.1. "Source" is defined as "any facility or activity which has caused a release or is reasonably likely to cause a release." Id. at § 47-57-2.13. Moreover, "release" is defined as "any act or omission that results in the . . . leaching . . . of materials or contaminants in a manner that has caused or is reasonably likely to cause the entry of a constituent to groundwater." Id. at § 47-57-2.12.

14

### West Virginia Solid Waste Management Act ("SWMA"):

(e) A person may not dispose of any solid waste in this state in a manner which endangers the environment or the public health, safety, or welfare as determined by the director. . . .

W.Va. Code § 22-15-10(e). "Person" is defined here the same as it is defined in W.Va. Code § 22-11-8(b)(1). *See* W.Va. Code § 22-15-2(24). Moreover, "solid waste" includes "other discarded materials, including offensive or unsightly matter, solid, liquid, semisolid or contained liquid or gaseous material resulting from industrial, commercial, mining or community activities." W.Va. Code § 22-15-2(31).

Neo Industries (Weirton), Inc. moves to dismiss plaintiffs' negligence *per se* cause of action for two reasons. *See* [Doc. 144 at 29–31]. First, Neo Industries (Weirton), Inc. joins the Manufacturing Defendants argument that negligence *per se* is not recognized under West Virginia law. *See* [Doc. 144 at 29]. Second, Neo Industries (Weirton), Inc. asserts that the WPCA, WVGPA, and the SWMA do not provide for private suits. [Doc. 156 at 15].

Based on the broad definition of the word "person" and the purposes of the laws, this Court finds that the WPCA, SWMA, and the GWPA are comprehensive enough to cover the activities alleged and omissions of Neo Industries (Weirton), Inc. The plaintiffs have alleged that the defendants "acts and omissions . . . have caused and continue to cause past, present, and continuing violations of the [WPCA, SWMA and the GWPA]. . . ." [Doc. 1-1 at ¶ 211]. The plaintiffs Complaint also alleges that the contamination was a "direct proximate result of Defendants' statutory violations and negligent, wanton, and

15

reckless acts or omissions. . . ." [Id. at ¶ 212]. Thus, taking the facts in the light most favorable to the plaintiffs, Neo Industries (Weirton), Inc.'s motion to dismiss with respect to the plaintiffs' negligence *per se* claim is **DENIED**.

### D. Trespass

Under West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property. *Hark v. Mountain Fork Lumber Co.*, 127 W.Va. 586, 591–92, 34 S.E.2d 348, 352 (1945). "An invasion onto another's land must be tangible and constitute an 'interference with possession' in order to be an actionable trespass claim." *Sigman v. CSX Corp.*, 2016 WL 2622007 (S.D. W.Va. 2016) (citing *Rhodes v. E.I. du Pont de Nemours and Co.*, 657 F.Supp.2d 751, 771 (S.D. W.Va. 2009)).

Neo Industries (Weirton), Inc. provides two reasons why the trespass claim should be dismissed. First, Neo Industries (Weirton), Inc. adopts the Manufacturing Defendants argument that West Virginia does not recognize trespass actions based on "intangible intrusions" by things like "chemical deposits." [Doc. 156 at 16; Doc. 144 at 35]. Second, Neo Industries (Weirton), Inc., relying on *Hagy v. Equitable Prod. Co.*, 2011 WL 3031124, at *4 (S.D. W.Va. 2011), asserts that a plaintiff seeking to recover for trespass "must have an actual legal interest in the *land affected*." [Doc. 156 at 16]. However, this Court finds that the plaintiffs have alleged evidence showing that the presence of PFAS chemicals in the Weirton water system has damaged or interfered with the its possession and use of its property. *See* [Doc. 1-1 at ¶¶ 16–17]. Because the plaintiffs were able to produce

16

allegations supporting this essential element of a trespass claim, the Manufacturing Defendants motion to dismiss with respect to the plaintiffs' trespass claim will be **DENIED**.

### E. Damages

Neo Industries (Weirton), Inc. maintains that the plaintiffs' damages claim fails for two reasons. First, "none of the requested damages are available because (a) no applicable law, regulation, or other alleged obligation requires Plaintiffs to undertake the *voluntary* upgrades and other work claimed as compensable damages in order to address the law PFAS levels allegedly present in the Weirton Water System. . . ." [Doc. 155 at 2–3]. Second, Neo Industries (Weirton), Inc. argues that the plaintiffs "have no right to recover for injuries to Weirton-area residents or natural resources. "It is simply premature to rule upon the issue of damages in the context of a motion to dismiss stage as there has been no discovery or development of a record in this case." ***Mayor and City Council of Baltimore v. Monsanto Co.***, 2020 WL 1529014 (D.Md. 2020).

In any event, whatever Neo Industries (Weirton), Inc. may argue is the proper measure of damages in this case, this Court is satisfied that the plaintiffs have properly pled damages at this stage. It is premature to rule upon the issue of damages in the context of a motion to dismiss stage as there has been no discovery or development of a record in this case. *See **Presley v. City of Charlottesville***, 464 F.3d 480, 483 (4th Cir. 2006) ("'[t]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'").

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Defendant Neo Industries (Weirton), Inc.'s Motion to Dismiss [**Doc. 155**] should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: December 30, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

18